## Case No. 16,380.

### UNITED STATES v. STATE NAT. BANK OF MINNEAPOLIS.

[2 Cent. Law J. 107.] [1]

Circuit Court, D. Minnesota. Dec. Term, 1874.

FEDERAL TAXATION — ACTION AGAINST BANK FOR PENALTY—NECESSARY ALLEGATIONS.

1. In an action by the United States against a bank, for the penalty of one thousand dollars, for failing to make return of its net earnings, income, or gains, as required by the 120th section of the internal revenue act of June 30, 1864 [13 Stat. 223], as amended by the act of July 13, 1866 [14 Stat. 98], which was re-enacted July 14, 1870 [16 Stat. 274], the complaint must allege that the sum therein mentioned as net earnings, income, and gains, was dividends, or excess of profits over such dividends, added during the year to its surplus or contingent fund. The complaint should specifically state the character of the earnings, income, and gains which were liable to the tax, and that a list and return thereof has not been made as required in this section.

2. If the penalty is claimed under the 120th section of the act of 1864 the complaint should charge that the defendant has neglected or omitted to make dividends or additions to its surplus or contingent fund, within the period of time mentioned therein, and that it had failed to make the return required by that section.

The United States bring this suit to recover a penalty of one thousand dollars against the defendant, for not making or rendering a list or return to the assessor, of its net earnings,

---

[1] [Reprinted by permission.]

income or gains for the period of time embraced between January 1, 1870, and June 30, 1870. A demurrer is interposed by the defendant. The penalty is claimed by virtue of the act. of congress, entitled "An act to reduce internal revenue taxes and for other purposes." Approved July 30, 1870 (16 Stat. 261). The 17th section of this act enacts: "That sections 120, 121, etc., * * * of the act of June 30th, 1864, * * * as amended by the act of July 13th, 1866, * * * shall be construed to impose the taxes therein mentioned, to the first day of August, 1870, but after that date no further taxes shall be levied or assessed under said sections, and all acts or parts of acts relating to the taxes herein repealed, and all the provisions of said acts shall continue in full force * * * for maintaining and continuing * * * penalties incurred under and by virtue thereof, etc." The ninth section of the internal revenue act of July 16, 1866 (14 Stat. 138), amended the 120th section of the act of June 30, 1864, by striking out all after the enacting clause and inserting the following: "That there shall be levied and collected a tax of five per centum on all dividends in scrip or money thereafter declared due, wherever and whenever the same shall be payable to stockholders, policy-holders or depositors or parties whatsoever, including non-residents, whether citizens or aliens, as part of the earnings, income, or gains of any bank. trust company, saving institution, and of any fire, marine, life, inland insurance company, either stock or mutual, under whatever name or style known or called, in the United States, or territories, whether specially incorporated or existing under general laws, and on all undistributed sums, or sums made or added during the year to their surplus or contingent funds, and said banks, trust companies, saving institutions, and insurance companies shall pay the said tax. and are hereby authorized to deduct and withhold from all payments made on account of any dividends or sums of money that may be due and payable as aforesaid, the said tax of five per centum, and a list or return shall be made and rendered to the assessor or assistant assessor, on or before the tenth day of the month following that in which any dividends or sums of money become due or payable as aforesaid; and said list or return shall contain a true and faithful account of the amount of the taxes as aforesaid; and there shall be annexed thereto a declaration of the president, cashier, or treasurer of the bank, trust company, savings institution, or insurance company, under oath or affirmation, in form or manner as may be prescribed by the commissioner of internal revenue, that the same contains a true and faithful account of the taxes as aforesaid. And for any default in the making or rendering of such list or return. with such declaration annexed, the bank, trust company. savings institution or insurance company making such default, shall forfeit as a penalty the sum of one thousand dollars; and in case of any default in making or rendering said list or returns, or of any default in the payment of the tax as required, or any part thereof, the assessment and collection of the tax and penalty shall be in accordance with the general provisions of law in other cases of neglect and refusal; provided, that the tax upon the dividends of life insurance companies shall not be deemed due until dividends are payable; nor shall the portions of premiums returned by mutual life insurance companies to their policy-holders, nor the annual or semi-annual interest, allowed or paid to the depositors in savings institutions, be considered as dividends." The 121st section of the act of June 30th, 1864, referred to in the 17th section of the act of July 11, 1870 (13 Stat. 284), enacts: "That any bank legally authorized to issue notes as circulation, which shall neglect or omit to make dividends or additions to its surplus or contingent fund as often as once in six months, shall make a list or return in duplicate, under oath or affirmation of the president or cashier, to the assessor or assistant assessor of the district in which it is located, on the first day of January and July in each year, or within thirty days thereafter, of the amount of profits which have accrued or been earned or received by said bank, during the six months next preceding said first days of January and July, and shall present one of said lists or returns, and pay the collector of said district a duty of five per centum on such profits; and in case of default to make such list or return and payment within the thirty days as aforesaid, shall be subject to the provisions of the foregoing section of this act. Provided, that when any dividend is made which includes any part of the surplus or contingent fund of any bank, trust company, savings institution, insurance or railroad company, which has been assessed and the duty paid thereon, the amount of duty so paid on that portion of the surplus or contingent fund may be deducted from the duty on such dividend."

Lochren. McNair & Gilfillan, for defendant. W. W. Billson, U. S. Atty.

Before DILLON, Circuit Judge, and NELSON, District Judge.

NELSON, District Judge. The demurrer must be sustained. If the penalty is claimed for a failure to make a return in accordance with the 120th section of the internal revenue act of June 30th, 1864 (as amended by the act of July 13th, 1866), which was re-enacted July 14th, 1870, the complaint should have alleged that the sum therein mentioned as net earnings, income and gains was dividends declared or excess of profits over such dividends added during the year to their surplus or contingent fund. This is manifest, for the section imposes a tax upon two subjects: First, dividends due and payable; second, undistributed sums or excess over dividends which had been carried to a surplus fund. See Sav-

ings Bank v. U. S., 19 Wall. [86 U. S.] 235. The complaint should, therefore, specifically state the character of the earnings, income and gains which were liable to a tax, and that a list and return thereof had not been made as provided in this section. If the penalty is claimed under the 121st section of the act, the complaint should have charged that the defendant had neglected or omitted to make dividends or additions to its surplus or contingent fund within the period of time therein mentioned, and had failed to make the return required by this section. Only the earnings, income and profits of the defendant, not thus disposed of, were subject to a tax, and the penalty could only be maintained in case of a default of the president or cashier of the bank to make a list or return of such profits and payment of the tax imposed, on the first day of July, or within thirty days thereafter. The act of congress of July 14, 1870, not only imposed the tax mentioned in the 120th and 121st sections above referred to, but also continued in force all the provisions of said acts for maintaining and continuing the penalties incurred under and by virtue thereof. This act virtually re-enacted the 120th and 121st sections, and the right of congress to pass such a statute, retroactive in its effect, was declared by the supreme court, in the case of Stockdale v. Insurance Co. [20 Wall. (87 U. S.) 323]. An order will be entered sustaining the demurrer, with leave to the plaintiff to amend the complaint within twenty days after service of the same upon the district attorney.

[See Case No. 16,381.]